Filed 11/3/23  In re C.S. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re C.S., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>B.S.,<br><br>        Defendant and Appellant. | E081268<br><br>(Super.Ct.No. J281134)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, and David Guardado, Deputy County Counsel, for Plaintiff and Respondent.

The juvenile court terminated the parental rights of B.S-B. (Mother) and B.I.S-B. (Father) to their daughter, C.S-B. (Minor). (Welf. & Inst. Code, § 366.26, subd. (b)(1).)[1] Father contends a proper inquiry of extended relatives was not conducted under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA). We affirm.

FACTS

Minor was two years old in May 2019, when she was placed into foster care by the San Bernardino County Children and Family Services (the Department). Mother asserted there was no Indian ancestry on her side of the family. Father and his mother (Grandmother) "both stated that there might be Cherokee and Huron Indian Ancestry within their family."

In May 2019, the Department sent notice to the Bureau of Indian Affairs (BIA); the Cherokee Nation; the Eastern Band of Cherokee Indians; the Nottawaseppi Huron Band; the United Keetoowah Band of Cherokee; and the Wyandotte Nation. The notice included:

Minor's full name, date of birth, place of birth; that Minor may have Cherokee, Huron, or other Native American ancestry;

Mother's full name, address, date of birth, and the state where she was born;

Mother's mother's full name, address, date of birth, and state where she was born;

---

[1] All subsequent statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

2

Mother's father's name, current city of residence, date of birth, and the state where he was born;

Mother's grandmother's name, the city and state where she last resided, her date of birth and the state where she was born, the month and year of her death, and the state where she died;

Mother's grandfather's name, the state where he last resided, his date of birth, his place of birth, the year he died, and the state where he died;

Father's full name, address, date of birth, the state where he was born, and possible tribal affiliations (Cherokee and Huron);

Grandmother's full name, address, date of birth, place of birth, and possible tribal affiliations (Cherokee and Huron);

Father's father's name, his date of birth, his place of birth, the former state where he resided, the year of his death, the state where he died, and his possible tribal affiliations (Cherokee and Huron);

Father's grandmother's name, address, date of birth, place of birth, and possible tribal affiliation (Cherokee and Huron);

Father's Grandfather's name, the state where he formerly resided, the year of his death, the place of his death, and possible tribal affiliation (Cherokee and Huron).

The Eastern Band of Cherokee Indians, the Nottawaseppi Band, the Wyandotte Nation, and the United Keetoowah Band of Cherokee responded that Minor is not enrolled in their tribes, and they would not intervene in the case. The other noticed

3

tribes did not respond within 65 days of the notices being received. In November 2019, the juvenile court found Minor is not an Indian child.

In January 2023, the Department spoke to Grandmother to gather more information about Father's father for ICWA purposes. Grandmother responded that Father's father "passed away six (6) to seven (7) years ago and had no knowledge of any native ancestry." In April 2023, the juvenile court terminated Mother and Father's parental rights to Minor.

DISCUSSION

Father contends the juvenile court erred by finding ICWA did not apply because the Department failed to inquire of Father's grandmother (Great Grandmother) and Mother's aunt (Great Aunt). "The Department concedes that there were a number of relatives identified for whom the record does not reflect [an] ICWA inquiry was undertaken, including the maternal grandfather, maternal grandmother, [Great Aunt] and [Great Grandmother]."

An "Indian child" is defined as an unmarried minor who is either a member of an Indian tribe, or who is eligible for tribal membership and is the biological child of a tribal member. (25 U.S.C. § 1903(4).) When there is information about the child possibly being an Indian child, then the child welfare agency must interview extended family members to gather identifying information about a child's parents, grandparents, and great-grandparents, "including maiden, married, and former names or aliases, as well as their current and former addresses, birth dates, places of birth and death, tribal enrollment information of other direct lineal ancestors of the child, and any other

4

identifying information, if known." (§§ 224.3, subd. (a)(5)(C), see 224.2, subd. (e)(2)(A); see also Cal. Rules of Court, rule 5.481(a)(4)(A).)

In 2019, Mother provided the Department with a telephone number for Great Aunt, and Father resided with Great Grandmother. There is no indication that the Department contacted Great Aunt and Great Grandmother to inquire about Native American heritage. For the sake of judicial efficiency, we will assume, without deciding, that the juvenile court erred by finding that ICWA did not apply when the Department failed to question Great Aunt and Great Grandmother about Native American heritage.

An ICWA inquiry error is prejudicial "where the record indicates that there was readily obtainable information that was likely to bear meaningfully upon whether the child is an Indian child." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.) The information was readily obtainable in 2019 because the Department had contact information for Great Aunt and Great Grandmother. It is unclear from the record if the women are still alive and the contact information is still valid, so we do not know if the information remains readily obtainable in 2023.

Nevertheless, the prejudice analysis turns on the meaningful information prong. The Department collected many details about Minor's maternal and paternal family, which the Department sent to the tribes and BIA. There is nothing in the record to suggest that Great Aunt and/or Great Grandmother would reveal additional information that would cause the tribes or BIA to determine that Minor is an Indian child, given the amount of detail already collected by the Department. Nor does Father suggest what

5

that additional information might be. Therefore, to the extent the juvenile court may have erred and information from Great Aunt and Great Grandmother is still obtainable in 2023, we conclude any error is not prejudicial because there is no indication that meaningful information would be obtained in light of the detailed information already obtained by the Department.

<u>DISPOSITION</u>

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

6